IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CR-00788-DAE |
| | § | |
| vs. | § | |
| | § | |
| (5) JOHN G. HANCOCK, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation and Order concerns the Government's Objection to the Garnishee's Answer to the Writ of Garnishment [#374], Defendant's Request for Hearing and Claim of Exemption [#393], and Third-Party Respondent Andrea Hancock's Objections to Writ of Garnishment [#394], all of which have been referred to the undersigned for disposition. The undersigned therefore has authority to enter this recommendation and order pursuant to 28 U.S.C. § 636(b)(1).

### I.  Background

This garnishment proceeding arises out of the sentencing of Defendant John G. Hancock on May 2, 2023, after he pleaded guilty to a single count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. The District Court sentenced Defendant to 40 months of imprisonment, three years of supervised release, a $100.00 mandatory special assessment, a $50,000.00 fine, and $23,769,884.41 in restitution, jointly and severally with five co-Defendants.

On August 30, 2023, the United States initiated an enforcement proceeding pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308, to collect on Defendant's debt by garnishing his financial accounts held by First Command Financial Services, Inc. ("Garnishee") [#367].  On September 1, 2023, the Court ordered that a Writ of Garnishment be issued [#368].  On September 15, 2023, Garnishee filed its answer to the Writ, which identified six accounts in which Defendant maintains an interest, three of which Garnishee claims are exempt from garnishment [#373].  These accounts are an IRA account with an approximate value of $304,990.00, a Roth IRA account with an approximate value of $261,367.00, and a TOD (transfer on death) account with an approximate value of $235,726.00.

In response, the United States filed the objection to Garnishee's answer and claim of exemption currently before the Court [#374].  By its objection, the United States argues that as of September 19, 2023 (the date the objection was filed), the special assessment remains unpaid, and $23,768,951.95 remains owing on Defendant's restitution debt.  The United States further argues that the three accounts identified by Garnishee are not exempt, and the United States may garnish IRAs and retirement plan benefits to satisfy the outstanding restitution.  The United States asks the Court for a determination that the three accounts are not exempt from garnishment.

Defendant thereafter filed the *pro se* request for a hearing on the claimed exemptions currently before the Court [#393].  In this filing, Defendant asks that the garnishment proceeding be held in abeyance until he is released from prison and argues that half of his retirement accounts, savings, account, and property belong to his wife, Andrea Hancock.  Mrs. Hancock filed her own objections to the Writ of Garnishment, arguing that (1) the retirement accounts are not subject to any claim for payment of a criminal restitution lien; (2) the Government's lien

2

does not extend to Mrs. Hancock's one-half community interest in Defendant's property; and (3) Mrs. Hancock is an "innocent spouse."  Mrs. Hancock also requests a hearing so that she may prove her one half ownership interest in the three retirement accounts and asks the Court to quash and vacate the Writ of Garnishment.  The United States has filed a response to Defendant's and Mrs. Hancock's request for a hearing and objections [#395].  For the reasons that follow, the Court will deny Defendant's and Mrs. Hancock's request for a hearing and will recommend the District Court overrule the objections to garnishment and find that the retirement and TOD accounts in Defendant's name are not exempt from garnishment.

## II.  Analysis

**A.     Defendant's IRA and TOD accounts are subject to garnishment.**

Upon Defendant's sentence, a lien in favor of the United States arose and was automatically and statutorily imposed on all of his property for collection of the outstanding restitution.  *See* 18 U.S.C. § 3613(c).  The Mandatory Victims Restitution Act ("MVRA") permits the United States to enforce a restitution order in accordance with its civil enforcement powers against all property or rights to property of the person fined.  *Id.* § 3613(a).  The Federal Debt Collection Practices Act ("FDCPA") provides the practices and procedures for the enforcement of a civil judgment, including the collection of restitution.  28 U.S.C. §§ 3001–08.

18 U.S.C. § 3613(a) permits a very narrow range of exemption of assets from a criminal restitution judgment based on provisions of the Internal Revenue Code exempting certain property from levy for taxes, as the MVRA "demands that criminal fines in favor of the United States should be enforced in the same manner as a tax liability would be enforced."  *See United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010) (quoting *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2003)).  The Internal Revenue Code expressly exempts certain annuity and

3

pension payments from seizure for collection of taxes.  26 U.S.C. § 6334(a)(6).  However, the annuity and pension exemption only pertains to those payments made under the Railroad Retirement Act or the Railroad Unemployment Insurance Act, those payments made to a military Medal of Honor recipient, or payments based on retired or retainer pay to retired servicepersons under 10 U.S.C. § 73.  *Id.*  The Answer filed by Garnishee does not reflect that the accounts at issue fit within the very narrow exemption created by 26 U.S.C. § 6334(a)(6).  Nor has Defendant made this assertion in his filings.  Accordingly, there is no federal statutory exemption created by the Internal Revenue Code or under any other statute exempting Defendant's retirement and TOD accounts from garnishment.

Nor can Defendant or Garnishee rely on any state exemption in opposing garnishment of the accounts.  The Texas Property Code contains an exemption provision involving pension benefits, which provides that a person's right to the assets held under any individual retirement account or any individual retirement annuity is exempt from "attachment, execution, and seizure for the satisfaction of debts."  Tex. Prop. Code § 42.0021(b).  However, the plain language of the MVRA indicates that the *only* exemptions for the criminal debtor owing restitution are set out in Section 6334 of the Internal Revenue Code, as the legislative history of the MVRA makes clear that it was intended to provide a "federal collection procedure independent of State laws." *United States v. Citigroup Glob. Markets, Inc.*, 569 F. Supp. 2d 708, 711 (E.D. Tex. 2007) (collecting cases and quoting S. Rep. No. 98-225, at 135 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3318).  Accordingly, Garnishee and Defendant may not claim any state law exemptions, as the MVRA trumps state law.  *Id.*

Finally, the Fifth Circuit has rejected related arguments that a provision of the Internal Revenue Code prohibiting the alienation of retirement benefits, 26 U.S.C. § 401(13), exempts

pension benefits from garnishment. *DeCay*, 620 F.3d 534, 540–43. Because the MVRA states that a judgment of restitution may be enforced against all property "notwithstanding any other federal law," the MVRA also overrides the anti-alienation provision of the Internal Revenue Code. *Id.* at 539. Again, "[t]he only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes." *Id.* at 541. Because pension plan benefits are subject to levy under the Internal Revenue Code to collect unpaid taxes, the MVRA allows garnishment of a defendant's retirement benefits to satisfy a criminal restitution order. *Id.* Based on the foregoing, the District Court should sustain the objection of the United States to Garnishee's Answer, should find the IRA and TOD accounts as non-exempt, and should allow garnishment to proceed.

**B.     Mrs. Hancock does not have a vested interest in the IRA or TOD accounts.**

The Court should also overrule Mrs. Hancock's objection to the Writ of Garnishment based on her ownership interest in the retirement and TOD accounts as Defendant's spouse. Mrs. Hancock argues that state law, either the law of Ohio (where Defendant and Mrs. Hancock resided) or Texas, provides her a basis to claim half of the retirement funds. Yet under Texas law, a restitution lien in favor of the United States attaches to community property in the following manner: (1) all of the debtor's sole-management community property; (2) all of the couple's joint-management community property, including the non-debtor spouse's undivided one-half interest in such property; and (3) one-half of the non-debtor spouse's sole-management community property. *See United States v. Elashi*, 789 F.3d 547, 551 (5th Cir. 2016); *see also* Tex. Fam. Code § 3.202. The three accounts at issue are in Defendant's name. These accounts thus would constitute his sole-management community property, and the United States would be entitled to the entirety of it. There is no basis for finding Defendant's accounts to be Mrs.

Hancock's sole-management community property, such that only one-half of the property would be subject to restitution.

The same result is compelled if Ohio law applies.  Ohio, like the majority of states, is an "equitable distribution" state when it comes to dividing marital property upon divorce.  *See* Ohio St. § 3105.171(B).  However, Mrs. Hancock is not asserting that there has been a divorce decree that would operate to divide the retirement accounts and allocate to her an individual portion.  And Defendant is still living.  She therefore does not have any vested interest in Defendant's retirement funds or the funds in his TOD account.  Other equitable distribution states have rejected similar claims to Mrs. Hancock's.  *See, e.g.*, *United States v. Belan*, No. 2:07-X-50979, 2008 WL 2444496, at *3 n.3 (E.D. Mich. June 13, 2008) (a spouse's "interest in the retirement fund is therefore derivative of her husband's interest, and she has no independent property right she may assert to defeat garnishment"); *see also United States v. Wells*, Case No. 3:13-cr-0008-RRB, 2015 WL 13685242, at *2 (D. Alaska Jan. 21, 2015) (same).

Finally, Mrs. Hancock's attempt to invoke a theory that she is entitled to a portion of the property because she is an "innocent" spouse of Defendant is also legally meritless.  The Fifth Circuit has rejected the innocent spouse defense in the context of criminal restitution orders.  *See United States v. Tilford*, 810 F.3d 370, 372–73 (5th Cir. 2016).  Accordingly, the Court should overrule Mrs. Hancock's objections and proceed with garnishment.

## C.   Defendant and Mrs. Hancock are not entitled to a hearing.

The FDCPA allows a judgment debtor to file an objection to a garnishee's answer within 20 days of its receipt and to request a hearing.  28 U.S.C. § 3205(c)(5).  However, the issues at such a hearing are limited to the determining the validity of any claim of exemption and the government's compliance with statutory requirements.  *Id.* § 3202(d).  Where the issues raised

regarding the claimed exemption are issues of law and do not involve factual disputes, as here, district courts have denied the request for a hearing. *See, e.g.*, *U.S. v. Harris*, 3:12–CV–2133–D, 2012 WL 5845544 (N.D. Tex. Nov. 19, 2012) (denying request for a hearing because whether garnished profit sharing plan account was exempt was issue of law not requiring hearing). Because the law is well-settled as to the claimed exemptions raised by Garnishee, Defendant, and Mrs. Hancock, the Court will not hold a hearing.

**D.     There is no basis for abating garnishment proceedings.**

Finally, the District Court should also reject Defendant's request that garnishment be abated until after he is released from prison.  There is no legal basis for doing so.  There is no appeal pending in this case, and the judgment of restitution is final.  Again, a lien in favor of the United States arose upon the entry of judgment against Defendant.  18 U.S.C. § 3613(c).  The United States is entitled to enforce the full amount of the restitution debt upon entry of judgment.

## III.  Conclusion and Recommendation

Having considered the objections before the Court, the response thereto, and the governing law, the undersigned **DENIES** Defendant's and Mrs. Hancock's request for a hearing [#393, #394] and **recommends** the District Court overrule the objections to garnishment by Garnishee, Defendant, and Mrs. Hancock, sustain the United States' objection to Garnishee's Answer [#374], find that the retirement accounts in Defendant's name are not exempt from garnishment, and allow the United States to proceed with garnishment proceedings.

## IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 4th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE