UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. SA-19-CR-788-DAE(5) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN G. HANCOCK, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; (2) SUSTAINING OBJECTIONS TO GARNISHEE'S
ANSWER; (3) DENYING MOTIONS FOR HEARING; AND
(4) OVERRULING OBJECTIONS TO GARNISHMENT

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 397) submitted by United States Magistrate Judge Elizabeth Chestney. After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations and: (1) **SUSTAINS** the Government's objections to the Garnishee's Answer; (2) **DENIES** Defendant John G. Hancock's and his wife Andrea Hancock's motions for hearing; (2) **OVERRULES** the objections to garnishment filed by Garnishee First Command Financial Services, Inc. ("Garnishee"), Defendant, and Mrs. Hancock; (4) **FINDS** the retirement accounts in Defendant's name are not exempt from garnishment; and (5) **ALLOWS** the United States to proceed with garnishment proceedings.

The facts preceding this Order are laid out in Judge Chestney's Report.  (Dkt. # 397.)  In her Report, Judge Chestney found that Defendant's IRA and TOD accounts are subject to garnishment because there is no federal statutory exemption created by the Internal Revenue Code or under any other statute exempting Defendant's retirement and TOD accounts from garnishment.  (Id. at 4.)  Judge Chestney also determined that Garnishee and Defendant may not claim any state law exemptions because the Mandatory Victims Restitution Act ("MVRA") trumps state law.  (Id.)  Additionally, the Report finds that pension plans are subject to levy under the Internal Revenue Code to collect unpaid taxes, and therefore the MVRA allows garnishment of a defendant's retirement benefits to satisfy a criminal restitution order.  (Id. at 5.)

Regarding Mrs. Hancock's objections to the Writ of Garnishment, Judge Chestney determined that there is no basis for finding Defendant's accounts to be Mrs. Hancock's sole-management community property pursuant to Texas law, and that the same result would apply under Ohio law.  (Id. at 6.)  The Report also acknowledges that the Fifth Circuit has rejected the innocent spouse defense in the context of criminal restitution orders.  (Id.)

Judge Chestney also determined that Defendant and Mrs. Hancock are not entitled to a hearing because the law is well-settled regarding the claimed exemptions raised by Garnishee, Defendant, and Mrs. Hancock.  (Id. at 7.)  Finally,

Judge Chestney found that there is no basis for abating the garnishment proceedings until after Defendant is released from prison. (Id.)

Objections to the Report were due within 14 days after being served with a copy. Although Mrs. Hancock twice moved to extend the deadline to file objections to the Report, no party timely objected to the Report despite the Court's orders granting the extensions. (See Dkts. ## 399, 402.)

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's conclusions that: (1) Defendant's IRA and TOD accounts are subject to garnishment, (2) Mrs. Hancock does not have a vested interest in those accounts, (3) there is no basis for a hearing, and (4) there is no basis for abating garnishment proceedings, are correct. Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 397) as the opinion of the Court and **DENIES** the motions for hearing (Dkts. ## 393, 394), **OVERRULES** the objections to the garnishment (Dkts. ## 393, 394), **SUSTAINS** the Government's objections to Garnishee's Answer (Dkt. # 374), and **FINDS** that the retirement accounts in

4

Defendant's name are not exempt from garnishment and therefore the United States may proceed with garnishment proceedings in this case.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, March 7, 2024.

_____
David Alan Ezra
Senior United States District Judge